## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENETIC TECHNOLOGIES LTD., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 12-1737-LPS |
| | : | |
| NATERA, INC., fka GENE SECURITY | : | |
| NETWORK, INC., | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM ORDER**

Pending before the Court in this patent infringement case is Defendant Natera, Inc.'s

("Natera") motion to transfer to the Northern District of California ("Northern District"),

pursuant to 28 U.S.C. § 1404(a). (D.I. 20)[1]  Such motions require a case-specific consideration

of the circumstances presented and a weighing of several factors, including those identified by

the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *see also, e.g.,*

*Intellectual Ventures I LLC v. Altera Corp.*, 2012 WL 297720 (D. Del. Jan. 24, 2012).  Having

considered the *Jumara* factors and this Court's related decisions applying them, the Court finds

all but one of the factors involved in the present case are either neutral or weigh strongly in favor

of transfer.  Accordingly, Natera's motion to transfer is GRANTED, for the following reasons.

1.      The choice of forum of Plaintiff, Genetic Technologies Ltd. ("GTG"), disfavors

transfer.  However, the amount of deference to be given to GTG's choice of forum is somewhat

---

[1]The Court heard oral argument on the transfer motion on April 4, 2014. (*See* Transcript
("Tr."))

reduced given that Delaware is not GTG's "home turf." *See In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) ("When a plaintiff brings its charges in a venue that is not its home forum, . . . that choice of forum is entitled to less deference."). GTG is an Australian corporation with its principal place of business in Victoria, Australia. (D.I. 1 ¶ 1) While GTG has rational and legitimate reasons for suing Natera in Delaware – Natera is a Delaware corporation, and GTG has related patent infringement actions pending in this District – these factors are not dispositive in the analysis.

2.      Defendant's choice of the Northern District, of course, weighs in favor of transfer. Natera's principal place of business is San Carlos, California, which is in the Northern District and is where the majority of its 289 employees work. (D.I. 21 at 3) Natera is a Delaware corporation, which, as already noted, is a relevant but not controlling factor.[2]

3.      The relative convenience of the parties strongly favors transfer and GTG's contentions to the contrary are unpersuasive. Natera is a small startup company with 289 employees, 241 of whom are employed in San Carlos. (D.I. 21 at 3) By contrast, GTG is a publicly-traded company with over $70 million in revenue from IP licensing and nearly $9 million in cash reserves. (D.I. 26 at 5) The Northern District is approximately 2,500 miles closer to GTG's Australian headquarters than is Delaware, and is the District in which Natera is principally located. (D.I. 21 at 9)

4.      Most significantly, and pertinent to several factors in the analysis, is that there are multiple cases involving the same '179 patent-in-suit pending in other Districts, including the

---

[2]Natera has made no sales of its accused tests in Delaware, although the record is unclear as to whether Natera has *offered* to sell its accused devices here. (D.I. 26 at 3 n.1)

Northern District. GTG chose to bring two separate suits involving the '179 patent in the

Northern District, effectively conceding the convenience of the Northern District.[3] Before the

Judicial Panel on Multidistrict Litigation ("JPML"), GTG contended the Northern District was

preferable to Delaware as a venue for centralizing pre-trial litigation. (Declaration of W. Paul

Schuck ("Schuck Decl."), Ex. F; MDL D.I. 51 at 20) The JPML declined to make the '179

litigation into an MDL, meaning that the related suits will proceed independently in separate

Districts. (*See* Tr. at 10) Hence, as of December 2013, GTG cases asserting the '179 patent were

pending in Delaware, the Northern District, the Middle District of North Carolina, and the

District of New Jersey. (D.I. 33 at 6-7)[4] Transfer of the instant action to the Northern District is

not likely to increase the overall burden on the federal judiciary, given the pendency of an action

in that District involving GTG's assertion of the '179 patent. *See Genetic Techs. Ltd. v. Agilent*

*Technologies, Inc.*, C.A. No. 12-cv-01616-RS (N.D. Cal.); *see also Fuzzy Sharp Technologies,*

*Inc. v. NVIDIA Corp.*, No. 09-cv-00872 (D. Del. Apr. 6, 2010) (favoring transfer when another

jurisdiction has prior experience with patent-in-suit); *In re Link_A_Media Devices Corp.*, 662

F.3d at 1224 (considering "a district court's concurrent litigation involving the same patent to be

a relevant consideration, if the court's experience was not tenuous and the cases were

co-pending"). Consequently, the practical considerations and administrative difficulties factors

strongly favor transfer.

---

[3]*See Genetic Techs. Ltd. v. Covance, Inc.*, No. C-03-01315 (N.D. Cal.); *Genetic Techs.*
*Ltd. v. Applera Corp.*, No. C-03-1316 (N.D. Cal.).

[4]As Natera observes, there are "at least 31 other proceedings involving dozens of
defendants venued at one time or another in at least fifteen different jurisdictions across the
United States, including the District of Delaware and Northern District of California." (D.I. 21 at
1-2) The undersigned judge has a total of five related GTG cases, including the instant case.

5.      All of the other *Jumara* factors are either neutral or favor transfer.  Overall, then,

Natera has met its heavy burden of demonstrating that this case should be transferred to the

Northern District.

Accordingly, IT IS HEREBY ORDERED that:

Defendant Natera's motion to transfer this action to the Northern District of California

(D.I. 20) is GRANTED.

Wilmington, Delaware
April 15, 2014

_____
UNITED STATES DISTRICT JUDGE

4